No. 23,618.

WALKER D. HINES, as Director-general of Railroads, and THE
ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Ap-
pellees*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF BARTON, *Appellant*.

SYLLABUS BY THE COURT.

1. BENEFIT ROAD DISTRICT — *Proceedings Abandoned — New District
Formed from Part of Original District Asked For—Further Proceed-
ings Under Original Petition Void.* Where a benefit road district
is sought to be created by a petition of the requisite number of qualified
landowners, praying the board of county commissioners to construct
an improved, hard-surfaced road, if such can be done, at a cost not
exceeding $30,000 per mile, and it transpires that the road cannot be
constructed within that limitation as to cost, and some of the peti-
tioners determine to have a certain part of the proposed road con-
structed regardless of) cost, and file a new petition defining a new
benefit road district, consisting of part of the original proposed dis-
trict, and praying the county board to construct an improved highway
thereon, with no limitation as to cost, and the county board approves
the latter petition and takes the proper steps to construct the road
prayed for in such second petition, which road is now approaching
completion, it is *held,* that such later proceedings constitute an aban-
donment of the originally projected road improvement and a demoli-
tion of the first benefit road district, and the county board has no au-
thority to undertake to construct any part of the road on the original
petition and proceedings had pursuant thereto.

2. SAME—*Injunction—Limitation of Actions.* The thirty days' limitation
in which to challenge the validity of a petition to construct an im-
proved highway, or the orders and proceedings of the board of county
commissioners pursuant thereto, as prescribed by sections 1 and 4 of
chapter 246 of the Session Laws of 1919, does not apply to an attempt
on the part of the county board to resuscitate proceedings to construct
an improved road which had once been petitioned for and authorized
by the county board, in a then defined benefit road district, when under
a later petition a new benefit road district is erected out of part of the
originally defined district. Such later petition and the proceedings
undertaken pursuant thereto, and the construction of an improved
road thereunder, constitute an abandonment of the original petition,
and a demolition of the original benefit road district.

Appeal from Barton district court; DANIEL A. BANTA,
judge. Opinion filed November 12, 1921. Affirmed.

*W. J. Weber,* county attorney, for the appellant; *F. Dumont Smith,* of Hutchinson, of counsel.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *William Osmond,* of Great Bend, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is another chapter of the litigation in Barton county over the proposed construction of good roads. When this case was here before (*Hines v. Barton County,* 106 Kan. 682, 687, 189 Pac. 369), it was held that where a benefit road district is sought to be created by a petition of the requisite number of qualified landowners, praying the board of county commissioners to construct an improved, hard-surfaced road if such can be done at a cost not exceeding $30,000 per mile, the county board cannot disregard this limitation touching the maximum cost of the proposed road incorporated in the petition, and that such petition conferred no authority upon the board to construct a road costing more than $30,000 per mile.

The proposed road was to be constructed from the east line of Barton county to the city of Great Bend, a distance of some fourteen miles. The city of Ellinwood is situated on this proposed road, about nine miles east of Great Bend. While the petition prayed for the construction of the fourteen miles of improved road, and contemplated but one benefit road district pertaining thereto, the county board, after making the proper findings, resolved that the road should be constructed in two parts, section D, which was the five miles east of Ellinwood, and section C, the nine miles between Ellinwood and Great Bend, characterizing both sections as Federal Project No. 3.

When this cause was remanded with instructions to overrule defendant's demurrer to the plaintiffs' petition for an injunction, permission was given for the defendant board to answer. Such answer was filed, but this pleading contained so many admissions that the issue between the parties continued to be largely one of law rather than of disputed facts. In the meantime, however, the status of this road-building project had been changed by the action of some of the qualified taxpayers residing east of Ellinwood who were determined to have an improved road regardless of its cost. These people accordingly

presented to the county board a new petition praying for the construction of an improved highway from the east line of Barton county to Ellinwood, and after the requisite formalities were complied with, the construction of this road was beguń, and may ere now be completed. This road, of course, is founded on this latter petition, and the benefit road district pertaining thereto is carved out of the proposed benefit road district which has been the subject of this lawsuit.

These facts were set up by plaintiffs in a supplementary petition, and by certain admissions and eliminations the cause was submitted to the trial court on the pleadings and agreed facts. So much of the proposed road as was defined by the county board as section D of Federal Project No. 3, being the five miles of road east of Ellinwood, and the territory tributary thereto which has now been erected into a new and separate benefit road district, is eliminated from this lawsuit; and now the principal question is whether the remainder of the original proposed road, section C, being the nine miles between Ellinwood and Great Bend, can still be constructed under the original petition, if and when the time shall come that it can be constructed for a sum not exceeding $30,000 per mile.

The trial court held otherwise and granted a perpetual injunction against its construction under the original petition and proceedings of the county board pursuant thereto.

The original petition was designed to create a benefit road district covering lands and property lying between the east line of Barton county and the city of Great Bend. The fact that for convenience in letting of contracts, or otherwise to facilitate the work of construction, the county board determined to construct the road in two sections, C and D, did not have the effect of creating two separate benefit road districts. It still remained one district. Nor does the fact that the later erection of a new benefit road district out of the original proposed district will not result in increasing or lessening the burden on the taxpayers owning lands west of Ellinwood, in section C, relieve the still threatened construction of the latter section from illegality. The erection of the new benefit district which was carved out of the original proposed district, and on which the road east of Ellinwood is now being con-

structed, necessarily rendered nugatory the creation of the original benefit road district which was to extend from the county line to Great Bend. The effect of these later proceedings was tantamount to an abandonment of the earlier proceedings, and any further attempt on the part of the county board to build the proposed road between Ellinwood and Great Bend, without a new initiative on the part of the qualified taxpayers concerned cannot be undertaken.

It is contended, however, that the injunctive relief sought by plaintiffs was invoked too late. Chapter 246 of the Session Laws of 1919, sections 1 and 4, among other matters provides that no action can be commenced after thirty days to restrain the construction of an improved road, or the payment therefor, or the levy of taxes or assessments or the issuance of bonds, on the ground of any illegality in the petition or any proceedings ordered pursuant thereto whether the proposed road is to be constructed by contract or by day labor. The point in this case, however, lies deeper than this. Here there is no legal foundation for the action of the county board. There must be some semblance or color of regularity in the proceedings to confer jurisdiction on the county board to act in the first place. The board cannot simply let a contract on its own initiative to build an improved road or hire men and teams and set them to work on the road and thereby incur a binding liability on the taxpayers unless the latter are constantly on the *qui vive* to challenge such unauthorized conduct within thirty days. Since the original petition to build the fourteen miles of road was abandoned, and the proposed benefit road district was demolished by the carving of a new benefit road district out of part of its territory, the county board has no petition of any sort before it upon which to act. It therefore had no jurisdiction to consider and determine the utility, the feasibility, or any other matter pertaining to the construction of an improved highway between Ellinwood and Great Bend, and the thirty days' limitation in which to commence an action to question the legality of any proceedings for road improvement under the good-roads acts of 1917 and 1919 has no application.

The judgment is affirmed.