No. 23,990.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, as Attorney-general, *Plaintiff*, v. WM. A. HESS et al., as Members of the Board of County Commissioners of the County of Allen, *Defendants*.

### SYLLABUS BY THE COURT.

PUBLIC ROAD IMPROVEMENTS — *Petition Granted — Subsequent Petition for Change in Material and Partial Change of Location Granted—Power of County Commissioners.* A board of county commissioners, after it has legally ordered an improvement of a road under chapter 265 of the Laws of 1917, as amended by subsequent acts of the legislature, but before a contract for the construction of the road has been made, may order, under a subsequent proper petition therefor, a road built of different material on a location largely identical with that ordered in the first petition, but changing the location for a portion of the distance.

Original proceeding in mandamus. Opinion filed February 11, 1922. Writ denied.

*Richard J. Hopkins*, attorney-general, and *Frank R. Forrest*, of Iola, for the plaintiff; *S. A. Gard*, of Iola, of counsel.

*John W. Brown*, county attorney, for the defendants; *Oscar Foust*, and *Kenneth Foust*, both of Iola, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The state, on the relation of the attorney-general, seeks by an action in mandamus to compel William A. Hess, J. Q. Roberts, and E. L. Barnhart, members of and constituting the board of county commissioners, to build a macadamized road (water-bound) ordered on May 12, 1919, by the board upon a proper petition therefor after a finding that the road would be of public

utility.  The board expended $3,000 in making a preliminary examination and survey of the road.  Bids were advertised for, but all were rejected because they ·were too high.  A subsequent petition for a bituminous-bound macadamized road, signed by H. H. Ludlum and one hundred forty-one others, among whom were ninety-five per cent of those who had signed the petition upon which the road had been ordered, was filed on June 6, 1921, and was thereafter presented to the board of county commissioners, who considered the same on November 21, 1921.  The location of the road .asked by the subsequent petition was identical with that described in the order made May 12, 1919, except for a distance of four miles.  That petition described a slightly different benefit district corresponding with the change in the location of the road and was signed by ninety-one per cent of the property owners in that ·district.  The road as originally ordered was thirteen miles long.  The commissioners were disposed to grant the subsequent petition; but before it could be finally passed on, this action was commenced; and all proceedings were stopped.  The plaintiff asks for judgment on the pleadings, which disclose the facts above set out.

Does the board of county commissioners have power to order the road prayed for in the subsequent petition?  Laws for the permanent improvement of· public highways have been receiving the attention of the legislature of this state for a number of years.  These laws, as they now exist, are found in chapter 265 of the Laws of 1917 and the amendments thereto subsequently enacted.

If a road improved under these laws should, shortly after it is built, become, on account of a change in the means of transportation, or for any other reason, inadequate or insufficient to accommodate the traffic passing over it, can the board of county commissioners, on a proper petition therefor, rebuild the road?  If a road is built, and if for any reason it becomes inadequate or insufficient, on account of the plan on which the road was built, or the materials out of which it was made, or on account of faulty construction, the community interested ought, under the law as it now exists, to have power to petition for the rebuilding of the road in a proper manner, and the board of county commissioners ought to have power to order the road rebuilt.  The fact that the law authorizes the improvement of roads implies that a new road can be built on the site of the old one before the old one has been fully paid for if it becomes necessary or advisable to do so.  If this is

true, and a road is legally ordered, but, before any contract is made for its construction, it is learned that the road, if built according to the specifications provided for in the petition will be inadequate, insufficient, or will be easily destroyed and must be rebuilt within ten years, it ought to follow that the county commissioners on a proper petition do have authority to build a proper road.

The board of county commissioners is given some discretion in things closely analogous to the matters now under consideration. Section 5 of chapter 265 of the Laws of 1917 provides that "no changes shall be made except by written contract with the board of county commissioners, approved by the state highway engineer," in the work done or materials furnished. This does not concern the location of the road, but it does authorize the county commissioners to make changes in work and material under certain conditions.

In section 1 of chapter 246 of the Laws of 1919, an amendment of section 1 of chapter 265 of the Laws of 1917, this is found:

"Additional or supplemental petitions may be filed with the county clerk at any time before the contract is let for the improvements."

The meaning of this language is not altogether clear. It probably refers to petitions additional and supplemental to and supporting one already on file, but it is not apparent why additional or supplemental petitions should be filed after a road is ordered on a proper petition. It may be that this language contemplates that changes of all kinds may be made on additional or supplemental petitions at any time before "the contract is let for the improvements."

Section 3 of chapter 246 of the Laws of 1919, amending section 3 of chapter 265 of the Laws of 1917, directs that the "plans and specifications shall be for the type or types of improvement and width or widths of roadway specified in the petition except at public road intersections where the width of roadway may be altered." Subsequent language of the same section provides that "when it is found necessary to relocate the road for the purpose of eliminating sharp turns or other dangerous places, the board of county commissioners shall by order of said board lay out, alter or widen a public road and may vacate an existing road." This language does not apply to the road now under consideration, but it does authorize the county commissioners, without a petition, to make some changes in the width of the road and in its location.

Section 3 of chapter 218 of the Laws of 1921, amending section

The State, *ex rel.,* v. Allen County.

6 of chapter 246 of the Laws of 1919, which in turn amended section 9 of chapter 65 of the Laws of 1917, contains this language:

"There shall be no levy or collection of double taxes if several petitions have been filed to change the course of one continuous road, and where the course of such road has been changed by the filing of more than one petition and it is not necessary to construct a part of the road contained in the first petition to complete the road, such unnecessary part of the road shall not be built and no taxes shall be levied for the construction thereof."

This statute contemplates that the location of a road may be changed; that petitions may be filed for roads that are in part identical and in part different; and that, where a road is built under a subsequent petition and part of the road asked for in the prior petition has been rendered unnecessary by such construction, the unnecessary part of the first road shall not be built. This is the situation now under consideration and determines this case.

Some support for this conclusion can be found in *Hines v. Barton County,* 109 Kan. 783, 202 Pac. 77. There, a road had been ordered from the east line of Barton county through Ellinwood to the city of Great Bend. The petition for that road provided that it should not cost to exceed $30,000 per mile. The road could not be built for that money. Subsequently, those east of Ellinwood interested in the road presented a new petition, without restriction as to cost, asking for the construction of a road from the east line of Barton county to Ellinwood. That petition was granted, and this court held that the latter proceeding constituted an abandonment of the first.

The peremptory writ is denied, and judgment is entered for the defendants.